UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TORIO HOLMES, *et al.*                                             CIVIL ACTION

VERSUS                                                             NO. 23-3123

AMERICAN EQUITY                                                    SECTION M (4)
UNDERWRITERS, C/O AMERICAN
LONGSHOREMAN MUTUAL
ASSOCIATION, LTD.

## ORDER & REASONS

Before the Court is a motion to dismiss filed by defendant American Equity Underwriters, Inc. ("AEU").[1] The motion is set for submission on November 16, 2023.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance November 8, 2023. Plaintiffs Torio Holmes and Brian Brown ("Plaintiffs"), who are proceeding *pro se*, did not file oppositions to the motion. Although the Court construes *pro se* filings liberally, parties are still required to "abide by the rules that govern the federal courts." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 14.
[2] R. Doc. 14-19.
[3] On or about March 23, 2022, Brown and Holmes allegedly suffered work-related injuries. On June 24, 2022, and July 15, 2022, Brown and Holmes, respectively, filed claims for workers' compensation benefits against their employer, Fugue Lauman, LLC ("Fugue"), and American Longshore Mutual Association, Ltd. ("ALMA") with the Department of Labor ("DOL") pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"). AEU is the third-party administrator of ALMA, and Ryan LeVeque served as the AEU/ALMA claims supervisor assigned to Plaintiffs' claims. Subsequently, Brown and Holmes filed their respective prehearing statements with the DOL for referral of their claims to the Office of Administrative Law Judges ("OALJ"), and their claims were later docketed with the OALJ. Holmes's claim proceeded to formal hearing in front of the OALJ on September 20, 2023, but a decision has not been rendered yet. According to AEU, as of October 7, 2023, the parties to the Brown claim have completed discovery and are awaiting a hearing setting.
    Meanwhile, on August 14, 2023, Plaintiffs filed suit against AEU alleging that AEU intentionally acted in bad faith against Plaintiffs in resolving their claims. R. Doc. 4. In particular, Plaintiffs state in their complaint that

IT IS ORDERED that AEU's motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that all claims of plaintiffs Holmes and Brown against AEU are dismissed WITHOUT PREJUDICE.

New Orleans, Louisiana, this 13th day of November, 2023.

                                                                        BARRY W. ASHE
                                                                         UNITED STATES DISTRICT JUDGE

---

AEU allowed its former employee to "commit malice and fraud," and that Ryan LeVeque, who terminated that employee, "shows bad faith in this matter." Plaintiffs raise the following claims: "1. Malice 2. Negligence 3. Bad Faith 4. Defamation," and are seeking the following forms of relief: "Pain and Suffering, Economic Damages, Workers Compensation benefits (pas[t], future payments)[, and] 50 million dollars including punitive damages." *Id.* Plaintiffs invoke federal question jurisdiction but list only Louisiana statutes as the basis for such jurisdiction.

      AEU filed the instant motion to dismiss, arguing that the case should be dismissed because: (1) the Court lacks subject-matter jurisdiction over the matter since the cause of action is a *de facto* LHWCA claim; (2) the Court lacks subject-matter jurisdiction over the matter because plaintiffs cite only Louisiana statutes as the basis for federal question jurisdiction; (3) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs fail to state a cause of action upon which relief may be granted; and (4) AEU was not provided with sufficient process under Rule 12(b)(4) or 12(b)(5). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

      AEU argues that the Court lacks subject-matter jurisdiction because Plaintiffs' claims are barred by the exclusivity provision in the LHWCA. However, "the applicability of the LHWCA's exclusivity provision … presents an issue of preemption, not jurisdiction." *Fisher v. Halliburton*, 667 F.3d 602, 609 (5th Cir.2012). Next, AEU argues that the Court lacks jurisdiction since Plaintiffs, in completing their form complaint, selected federal question as their basis for federal jurisdiction but only cited Louisiana statutes in support. Plaintiffs have failed to meet their burden of showing that the Court has jurisdiction over this matter, as they cite only La R.S. 14:48, La. R.S. 22:18, and La. Civil Code article 2315 as their basis for federal question jurisdiction. These statutes do not purport to provide a basis for such jurisdiction. Moreover, even if Plaintiffs were attempting to assert federal jurisdiction pursuant to the LHWCA (which is not evident on the face of their complaint), "there is no question that the LHWCA does not create federal subject matter jurisdiction." *Garcia v. Amfels, Inc.*, 254 F.3d 585, 588 (5th Cir. 2001). Accordingly, the Court lacks subject-matter jurisdiction over Plaintiffs' claims, and they must be dismissed.